UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIGUEL ANGEL CORBACHO DAUDINOT,

       Plaintiff,                              CASE NO. 1:13-cv-22589-KMV

v.

YASIEL PUIG VALDES a/k/a YASIEL PUIG
and MARITZA VALDES GONZALEZ,

       Defendants.
_____/

**AGREED MOTION FOR ENLARGEMENT OF TIME
FOR THE PARTIES TO EXCHANGE EXPERT DISCOVERY**

       Plaintiff, MIGUEL ANGEL CORBACHO DAUDINOT, through counsel, file this Motion for Enlargement of Time of two (2) weeks for the parties to exchange Expert discovery and in support thereof state:

       1.      On June 30, 2014, the court entered a Scheduling Order [DE 42], which set out deadlines in which to conduct pretrial discovery.

       2.      According to the order, April 15, 2015 is the deadline for the Plaintiff to disclose experts, and expert summaries and reports; April 30, 2015 is the deadline for the Defendants to disclose their expert summaries and reports; and, May 15, 2015 is the date for the parties to exchange rebuttal summaries and reports.

       3.      The parties attended a mediation conference on January 14, 2015 with Rene Murai, Esq. acting as mediator, and, while they did not enter into an agreement that day, they did not close the mediation, and are in the process of negotiating a settlement with the continued assistance of Mr. Murai.

4. The parties believe that they may be able to reach an understanding given just a little more time.

5. Retaining an expert and having him draft summaries and a report is a costly litigation expense that may be avoided if the parties can reach an agreement within the next couple of weeks.

## MEMORANDUM OF LAW

The court considers four factors to determine a motion for continuance: (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; (4) the extent to which the moving party might have suffered harm as a result of the district court's denial. Romero v. Drummond Co., Inc., 552 F.3d 1303 (11th Cir. 2008).

Here the parties were diligent in conducting the mediation conference early, on January 14, 2015, and afterward not keeping the door to an agreement open by not declaring an impasse when they failed to reach an agreement on January 14, 2015.

The gap between the parties' respective positions is not wide and may be breached with further negotiation.

In granting Motions for Continuance, a court looks to the harm suffered by the moving party when the continuance is not granted. Rance v. Rocksolid Granit USA, Inc., 489 Fed.Appx. 314 (11th Cir. 2012).

2

In the case at bar, the Defendants agree to the two-week enlargement of time in which to exchange expert summaries and reports in order that the parties may to continue to negotiate to reach a settlement agreement.

When considering a motion for continuance, the court looks to see if granting the continuance would remedy the harm caused by its denial. In this case, the harm caused by failure to enlarge the time in which the parties may exchange expert reports is that both the Plaintiff and the Defendant shall incur unnecessary litigation costs, making a settlement harder to achieve as the parties shall inevitably take into consideration the rising cost of litigation and seek to recover what they have spent during settlement negotiations. The harm to the parties, can be ascertainably and concretely remedied by granting a two (2) week enlargement of time in which to exchange expert discovery, because the parties will not needlessly incur the costs of experts, which they will seek to recover during settlement negotiations.

When deliberating over whether to grant a motion for continuance, the court will consider the history of the case, taking into account any previous continuances that may have been granted on the case, what the effect of those continuances on the case, and whether granting a continuance would allow the moving party to complete his or her discovery. See, *Rance*, at 316.

In *Rance*, the court had granted several continuances already, extending the trial date to accommodate the plaintiff's medical condition, but the plaintiff, Rance, had difficulties actually readying himself for trial even after being granted additional time. The court particularly noted that in that case in particular there was not any guarantee that if the continuance were granted, Rance would have completed his discovery. *Id.*

The case at bar differs from *Rance* in two very important respects. Firstly, Plaintiff has never been granted any continuances on this case for purposes of completing discovery, but has

3

worked diligently with opposing party to effectuate a settlement agreement. Secondly, and most importantly, Plaintiff's discovery needs are certain and achievable. Plaintiffs already have an expert willing to provide the expert report, however, providing such services will increase the costs of litigation considerably, which shall make a settlement less likely.

Defendants shall not be inconvenienced by extending the expert discovery deadline by two weeks as they shall receive the same benefit of additional time, and the Defendant has agreed that additional negotiation on a settlement would be mutually beneficial to the parties.

WHEREFORE, Plaintiff respectfully requests that this court grant an enlargement of two (2) weeks in which to exchange expert discovery.

### Local Rule 7.1(a)(3) Certification

Undersigned counsel has conferred with counsel for Defendants regarding this motion, sending Sean Santini and Averil Andrews a copy of the agreed motion, and Ms. Andrews stated that their office had no objection to the agreed motion.

By: *s/Kenia Bravo* _
Kenia Bravo, Esq., FBN 68296
Avelino J. Gonzalez, Esq., FBN 75530

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was filed in federal court using CM/ECF on April 10, 2015.

*s/Kenia Bravo*
Kenia Bravo, Esq., FBN 68296
Avelino J. Gonzalez, Esz. FBN 75530
Law Offices of Avelino J. Gonzalez, P.A.
6780 Coral Way, Miami, Florida 33155
Ph: 305-668-3535; Fax: 305-668-3545
E-mail: AvelinoGonzalez2@bellsouth.net

4